UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

RICHARD HEATON,

                              Plaintiff

        v.

USF CORPORATION, ET. AL.,                    Action No. 3:08–CV-540

                              Defendants.

## MEMORANDUM OPINION

THIS MATTER is before the Court on Defendant's Motion for Judgment on the

Pleadings (Doc. No. 6), and Plaintiff's Motion to Amend the Complaint (Doc. No. 10).

For the reasons below, this Court DENIES the Motion for Judgment on the Pleadings,

and GRANTS the Motion to Amend.

### I. Background

On August 22, 2008, Plaintiff filed a Complaint against USF Corporation, USF

Holland, Inc. ("USF Holland"), and an unknown "John Doe" Defendant for damages

resulting from an assault that occurred at a grocery store. Plaintiff alleges that on

September 12, 2005, an unknown driver of a truck emblazoned with a "USF logo"

assaulted the plaintiff at Supervalu, a retail distribution center in Mechanicsville,

Virginia. The vehicle's logo led Plaintiff to believe that "John Doe" was employed by

either USF Corporation, now named YRC Regional Transportation, Inc., or USF

Holland. USF Corporation is a holding company comprised of several USF trucking

companies, including USF Glen Moore, Inc. ("USF Glen Moore"), and USF Holland.

Though Defendants contend that each USF subsidiary is a "separate and distinct

1

company," USF Corporation's website holds itself out as an integrated trucking operation. (Pl.'s Mem. in Opp'n to Def.'s Mot. for J. on the Pleadings, Ex. 2.)

The known Defendants were served on September 11, 2007, one day before the expiration of the statute of limitations. Within the allotted time, Defendants filed an Answer, therein asserting eight affirmative defenses. Additionally, Defendants attached two affidavits, one from Christopher Ashford, Manager of Safety Administration for USF Holland, and one from Mark Repass, Senior Director of Safety and Compliance for USF Glen Moore, averring that "John Doe" is Rodney Hall, a previous employee of USF Glen Moore, and that USF Holland had no employee involved in the altercation described in the Complaint. On the basis of this Answer and accompanying affidavits, Defendants move for Judgment on the Pleadings. Plaintiff objects and further moves this Court for leave to amend the Complaint to add USF Glen Moore and replace "John Doe" with Rodney Hall.

## II. Motion for Judgment on the Pleadings

Motions for judgment on the pleadings are evaluated under the standard set forth in Rule 12(c) of the Federal Rules of Civil Procedure. A court reviews such motions under the same standard as a Rule 12(b)(6) motion to dismiss. Burbach Broad. Co. v. Elkins Radio Corp., 278 F.3d 401, 405-06 (4th Cir. 2002); Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). When considering the motion, the facts presented in the pleadings are viewed in the light most favorable to the non-moving party. Edwards v. City of Goldsboro, 178 F.3d 231, 248 (4th Cir. 1999). Judgment should be entered for the movant when the pleadings fail to state any cognizable claim for relief, and therefore, the issue can be decided as a matter of law. Zeran v. America Online, Inc., 129

2

F.3d 327, 329 (4th Cir. 1997). In its determination, a court may not consider documents outside the complaint, except for "official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint, so long as the authenticity of these documents is not disputed." Witthohn v. Federal Ins. Co., 164 F. App'x 395, 396 (4th Cir. 2006). If, however, matters outside the pleadings are presented to the Court and not excluded, the motion must be treated as one for summary judgment. Fed. R. Civ. P. 12(d).

Consistent with a Rule 12(b)(6) motion, a court deciding a motion for judgment on the pleadings must regard all factual allegations in the complaint as true, Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007), as well as any facts that could be proved consistent with those allegations. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). These facts must be viewed in the light most favorable to the plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002). However, since the complaint must give the defendant fair notice of the claim and the grounds upon which it rests, the plaintiff must allege facts which show that the claim is plausible, not merely speculative. Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964, 1966 (2007); see also Fed. R. Civ. P. 8(a)(2) (requiring pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief"). The court will not accept legal conclusions that are couched as factual allegations, Twombly, 127 S.Ct. at 1964, or "unwarranted inferences, unreasonable conclusions, or arguments." E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000). Moreover, the plaintiff does not have to show a likelihood of success; rather, the complaint must merely allege—directly or indirectly—each element of a "viable legal theory." Twombly, 127 S.Ct. at 1969 n.8.

In the present matter, the Court need not consider the affidavits of Christopher Ashford or Mark Repass, which where submitted with Defendant's Answer, to decide the Motion for Judgment on the Pleadings.  These are factual contentions which, at this stage, cannot be proven or disproved.  Accordingly, this Court specifically excludes the affidavits in its consideration of Defendant's Motion, and therefore the Court declines to interpret the Motion for Judgment on the Pleadings as a Motion for Summary Judgment.

In resolving Defendant's Motion, this Court holds that Plaintiff has pled a cognizable claim as to "John Doe," USF Corporation, and USF Heaton.  Specifically, Plaintiff asserts that "John Doe" committed an assault and battery against Plaintiff when he "acted with actual malice toward the plaintiff by striking the plaintiff without provocation," causing Plaintiff to "suffer severe and permanent injuries." (Compl. ¶ 2, 9.) Moreover, Plaintiff contends that the individual, a driver of a truck emblazoned with a "USF logo," was hired by USF Corporation and USF Holland (Compl. ¶ 2.), a transportation holding company and a trucking company with a presence in the state. Plaintiff claims that these defendants negligently hired an unfit truck driver, negligently retained an unfit person, and as a result, Mr. Heaton was injured by their employee. (Compl. ¶¶ 6–9.) Plaintiff seeks an award in the amount of $150,000, jointly and severally, from the defendants. (Compl. ¶ 4.) As such, Plaintiff has pled facts supporting a plausible legal claim against "John Doe," USF Corporation, and USF Holland, and therefore Defendant's Motion for Judgment on the Pleadings is denied.

4

## IV. Motion to Amend the Complaint

Federal courts liberally grant leave to amend a civil complaint. <u>See</u> Fed. R. Civ. P. (a) (requiring courts to "freely give leave when justice so requires"). This Rule reflects "the federal policy in favor of resolving cases on their merits." <u>Sciolino v. City of New port News, Va.</u>, 480 F.3d 642, 651 (4th Cir. 2007). Accordingly, a motion for leave to amend "should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." <u>Id</u>.

While an amendment should be liberally granted, the change relates back to the original date of the pleadings only if: (1) relation back is permitted by the applicable law, (2) the amended pleading arose out of the same conduct, transaction, or occurrence as the original pleading, or (3) the amendment changes the party or the name of the party. Fed. R. Civ. P. 15(c). When an amended pleading seeks to add a new party, Federal Rules require that the party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(ii). Moreover, while the Rule gives reference to a "mistake," the focus in determining whether an amendment relates back is on whether the new party had notice of the action, and the effect of the amendment on the party. <u>Goodman v. Praxair, Inc.</u>, 494 F.3d 458, 470 (4th Cir. 2007).

In the present Motion, Plaintiff moves for leave to amend the Complaint to add USF Glen Moore, and to replace Rodney Hall for "John Doe" as a defendant in this matter. Plaintiff's Motion is based on affidavits submitted by the defendants stating that Rodney Hall (alleged as "John Doe") was the individual involved in the incident, and at

5

the time of the incident he was employed by USF Glen Moore, not USF Corporation or USF Holland. Plaintiff further notes that the addition of USF Glen Moore comports with Fed. R. Civ. P. 15(c) in that USF Corporation, the holding company for both USF Holland and USF Glen Moore, was originally served in this matter, and the defendants's submission of an affidavit by a senior officer of USF Glen Moore, "put forth as an integral part of defendant's initial responsive pleading . . . [leaves] no doubt that USF Glen Moore has had the same notice and opportunity to defend as USF [Corporation] and USF Holland." (Pl.'s Reply Mot. in Supp. of Mot. to Amend 3.)   Additionally, Plaintiff surmises that USF Glen Moore's affirmation that they are the correct party in interest again shows that the company would not be prejudiced if they were joined. (Id. at 7–8.)[1] Defendants, however, object to Plaintiff's Motion and argue that the statute of limitations has expired against any new parties, and neither Mr. Hall nor USF Glen Moore had notice prior to the statute's expiration. (Def.'s Mem. in Opp'n to Pl.'s Mot. to Amend 5–7.) Defendants further state that relation back is not applicable in this case as there was no mistake–plaintiff merely did not know the identity of the proper party. (Id. at 3–4.) The court disagrees.

As noted above, the Fourth Circuit in Goodman has made it clear that the proper focus in determining whether an amendment relates back is whether the new party had notice of the action, and whether the amendment would prejudice the parties.  494 F.3d

---

[1] Plaintiff supplements their argument by noting that defense counsel "recently agreed to accept service of a subpoena that plaintiff's counsel issued to Mr. Repass at USF Glen Moore." (Pl.'s Reply Mot. in Supp. of Mot. to Amend 7.)  The fact that counsel for the named Defendants is also serving as agent for service of process for USF Glen Moore further supports Plaintiff's contentions that USF Glen Moore had adequate notice of this action.

at 470. In this matter, it is abundantly clear that USF Glen Moore had notice of the entitled action, and that the company would not be prejudiced if they are joined in this lawsuit. USF Corporation, the holding company for both USF Glen Moore and USF Holland, not only was served in this matter, but the defendants took affirmative steps of communicating the substance of the case to USF Glen Moore, through their Senior Director of Safety Mark Repass; obtained the name of the driver, who plaintiff only knew as "John Doe;" identified which USF company employed him; and provided affidavits by the appropriate Senior officials of both USF Holland and USF Glen Moore. (Pl.'s Reply Mot. in Supp. of Mot. to Amend 2.) This concerted effort, early in the litigation, shows that USF Glen Moore had notice of the action and will not be prejudiced if they were joined. Further, but for a mistake regarding the proper USF company that employed Mr. Hall, USF Glen Moore would have originally been served in this matter. As such, Plaintiff's Motion to Amend as it relates to USF Glen Moore is GRANTED.

The Plaintiff's ability to join Rodney Hall is similarly governed by Rule 15(c), which allows amendments to change the party or the naming of a party.[2] While this Rule further restricts such changes to those where the new party has received notice of the action or knew or should have known that they would have been brought in but for a

---

[2] Rule 15(c) specifically allows for an amendment to change the party or the naming of the party against whom a claim is asserted if the amendment asserts a claim that arose out of the same conduct, transaction, or occurrence as the original pleading, and the party to be brought in "received such notice of the action that it will not be prejudiced in defending on the merits; and knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15 (c)(1)(C)(i-ii).

mistake, this restriction is designed to ensure that the party "will not be prejudiced in defending on the merits." Fed. R. Civ. P. 15(c)(1)(C)(i-ii).  However, in the present case, the Court holds that Mr. Hall is more likely to be prejudiced if he is <u>not</u> added to this case.  Plaintiff correctly notes that the pleading of the statute of limitations is an affirmative defense, and because Rodney Hall is not before the Court, he cannot plead this defense. (Pl.'s Reply Mot. in Supp. of Mot. to Amend 9.)  Further, as also noted in Plaintiff's brief, if the corporate defendants are found liable in this case, they may have a right of indemnification against Mr. Hall, causing Mr. Hall to be exposed in this case without the privilege of defending himself. (<u>Id.</u>) Therefore, this Court GRANTS Plaintiff's Motion to substitute Rodney Hall for "John Doe," and holds that any prejudice to Mr. Hall in the Court's granting of Plaintiff's Motion to Amend would be outweighed by the prejudice he would sustain if the Motion was denied.

## IV. Conclusion

For the reasons stated above, Defendant's Motion for Judgment on the Pleadings is DENIED as Plaintiff has asserted a cognizable claim as to USF Corporation, USF Holland, and "John Doe."  This Court further GRANTS Plaintiff's Motion to Amend the pleading to add USF Glen Moore and substitute Rodney Hall for "John Doe."

It is SO ORDERED.

/s/
James R. Spencer
Chief United States District Judge

ENTERED this _8th_ day of December 2008

8